JUDE G. GRAVOIS, Judge.
| ¡.Defendant, Troy M. Breaux, appeals his convictions and sentences for possession of heroin, possession with intent to distribute heroin, and possession of Clona-zepam, Alprazolam, Carisoprodol, Diazep-am, and Cyclobenzaprine. For the reasons that follow, we affirm defendant’s convictions and sentences, and we grant appellate counsel’s motion to withdraw as counsel of record for defendant.

*1236
PROCEDURAL HISTORY

On June 13, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant, Troy M. Breaux, with possession of heroin in excess of twenty-eight grams but less than two hundred grams in violation of La. R.S. 40:966(D) (count one), possession with intent to distribute heroin in violation of La. R.S. 40:966(A) (count two), possession of Clona-zepam in violation of La. R.S. 40:969(C) (count three), possession of Alprazolam in violation of La. R.S. 40;969(C) (count four), possession of Carisoprodol in violation of La. R.S. 40:969(C) (count five), possession of Diazepam in violation of La. R.S. 40:969(C) (count six), and possession of a legend drug, Cyclobenzaprine, without a ^prescription in violation of La. R.S. 40:1238.1. Defendant pled not guilty at arraignment on July 9, 2013.
On July 10, 2013, defendant filed pretrial motions, including motions to suppress statements, evidence, and identification. On June 25, 2014, a hearing was held on defendant’s motion to suppress evidence and statements. The trial court denied defendant’s motion to suppress evidence and granted in part and denied in part defendant’s motion to suppress statements. The court also declared defendant’s motion to suppress identification moot.
Defendant later withdrew his pleas of not guilty and pled guilty as charged to all counts on June 26, 2014. Defendant was immediately sentenced to twenty-five years imprisonment at hard labor each on counts one and two, and five years imprisonment at hard labor each on counts three through seven, all to run concurrently with each other and with the sentence imposed in case number 13-3030.[1] Also, the first five years of the sentence as to count two was to be served without the benefit of probation or suspension of sentence. Defendant was further ordered to pay a fine of $50,000 as to count one.
On that same date, the State filed a habitual offender bill of information against defendant as to count four, possession of Alprazolam, and defendant stipulated to being a second felony offender. The trial court then vacated the previous sentence as to count four and resentenced defendant to ten years imprisonment at hard labor on count four, to be served without the benefit of probation or suspension of sentence. The court further ordered the habitual offender sentence to run concurrently with the sentences on the other counts and with case number 13-3030.
hOn July 7, 2014, defendant filed a pro se written “Motion for Production of Certified Court Record(s) of the Specific Alleged Predicate Convictions the State Used in Support of the Charged Offenses, and a Combined Request for This Court to Hold a Contradictory Hearing for Defense to Contest Constitutionality of Priors,” which was denied on July 29, 2014. On January 8, 2015, defendant filed an application for post-conviction relief, which the trial court construed as a request for an out-of-time appeal. The trial court granted defendant’s motion for an out-of time appeal on January 13, 2015. This appeal followed.

FACTS

Defendant pled guilty to all counts he was charged with instead of proceeding to *1237 trial. During the colloquy of the guilty pleas, the State provided the following factual basis for the pleas:[2]
In Case Number 13-3029, if we went to trial the State would prove beyond a reasonable doubt that Troy M. Breaux in Jefferson Parish on or about April 25th, 2013, possessed heroin in excess of 28 grams but less than 200 grams, possessed heroin with the intent to distribute it, possessed Clonazepam, Al-prazolam, Carisoprodol, Diazepam, and Cyelobenzaprine[.]

LAW AND ANALYSIS

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State, v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed | ^appellate counsel requests permission to withdraw as counsel of record for defendant.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the defendant’s case to be wholly frivolous after a conscientious examination of it.[4] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, supra at 241, the Louisiana Supreme Court stated that an An-ders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, supra at 1110. If, after an independent review, the | ¿reviewing court determines there are no *1238 non-frivolous issues for appeal, it may-grant appellate counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Counsel includes a detailed discussion of potential issues, including the trial court’s denial of defendant’s motion to suppress, which counsel asserts was a “legally sound” ruling. Appellate counsel notes that defendant was represented by retained counsel throughout the course of the proceedings and entered an unqualified guilty plea waiving all non-jurisdictional defects with an agreed-upon sentence. Counsel notes that defendant did not reserve the right to seek review of any of the trial court’s pre-trial rulings, including the rulings on the motions to suppress. Appellate counsel notes that defendant did not object to the charged offenses or to the trial court’s acceptance of the guilty pleas. Counsel asserts that defendant therefore waived his right to seek review on direct appeal.
In addition, appellate counsel notes that defendant indicated to the trial court during the colloquy of his guilty pleas that he had not been forced, coerced, or threatened, that he was pleading guilty because he was in fact guilty, and that he understood his rights, the charges, and the sentences that he would receive. Appellate counsel notes that defendant informed the court that he had completed the twelfth grade, and that he could read and write the English language. Counsel notes that defendant also indicated to the trial court that the facts occurred as the State asserted in its factual basis. Appellate counsel notes that by the colloquy of |7the guilty pleas and the plea form, defendant was advised that he was giving up his rights, including the right of appeal.
Further, appellate counsel notes that the bill of information appears to be in order. Counsel notes that the minutes indicate that defendant was present with counsel for all critical court proceedings and that the sentences imposed were precisely in accord with the plea agreement. Counsel asserts that the plea bargain appears to have been advantageous to defendant.
Appellate counsel has filed a motion to withdraw as counsel of record, which states that counsel is of the opinion that the appeal is wholly frivolous. Counsel stated that a copy of his motion to withdraw, the Anders brief filed by counsel, and the Court’s pro se briefing notice was mailed to defendant. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until March 27, 2015 to file a pro se supplemental brief. Defendant has not filed a pro se supplemental brief.
In its response brief, the State agrees with counsel that the record does not contain any non-frivolous issues for appeal. The State asserts that appellate counsel has conformed with and followed the procedures set forth in Anders, supra, and Jyles, supra.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information in this case properly charged defendant and does not *1239 present any non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged. See generally La. C.Cr.P. arts. 464-466. As reflected by the minute entries and -transcript, defendant | ^appeared at each stage of the proceedings against him, including his arraignment, guilty pleas, and sentencing.
Defendant pled guilty to possession of heroin in excess of twenty-eight grams but less than two hundred grams (count one), possession with intent to distribute heroin (count two), possession of Clonazep-am (count three), possession of Alprazolam (count four), possession of Carisoprodol (count five), possession of Diazepam (count six), and possession of a legend drug, Cy-clobenzaprine, without a prescription (count seven). Prior to his- guilty pleas, defendant filed pre-trial motions, including motions to suppress statements, evidence, and identification. Defendant’s motion to suppress statements was granted in part and denied in part, his motion to suppress evidence was denied, and his motion to suppress identification was declared moot. Defendant did not preserve any of these pre-trial issues for appellate review under State v. Crosby, 338 So.2d 584 (La.1976). A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea proceedings and precludes review of such defects either by appeal or post-conviction relief. State v. Craig, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, 62, 63 (citing State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664).
After reviewing defendant’s guilty pleas, we find no non-frivolous issues which would support an appeal in the present case. The record shows that defendant was aware that he was pleading guilty as charged to all counts. The transcript and waiver of rights form both reflect that defendant was advised of his right to a trial by jury or by judge, his right to confront his accusers, his right to call witnesses on his behalf, his right against self-incrimination, and the right to testify if he so chooses. The waiver of rights form reflects that defendant indicated that he understood that he was waiving these rights. In addition, defendant ^indicated that he reviewed the waiver of rights form with his attorney and that the waiver of rights form was explained to him by his attorney and the trial judge. Accordingly, we find that defendant was advised of his Boykin[5] rights during the guilty plea colloquy and by means of the waiver of rights form.
In addition, the transcript and waiver of rights form reflect that defendant provided his age, date of birth, and educational background. When the trial judge inquired into defendant’s educational background, defendant responded that he completed twelfth grade. By the transcript, defendant indicated that he had not been forced, coerced, intimidated, or promised a reward for the purpose1 of making him plead guilty. By the waiver of rights form, defendant indicated that no one forced him to plead guilty. During the guilty plea colloquy, defendant was also advised that pleading guilty to a felony charge would expose him to greater penalties as a habitual offender under Louisiana’s Habitual Offender Law should he plead guilty or be found guilty of a subsequent felony in the future. Defendant indicated that this had been explained to him. *1240 Defendant was also advised that the State intended to “double bill” him on count four, and that if he committed another felony, he would be subject to a “quad bill,” meaning that he could be sentenced to life in prison.
Further, during the colloquy of the guilty pleas and by means of the guilty plea form, defendant was advised of the penalty range for each offense. Defendant was also advised that if his guilty pleas were accepted, he would be sentenced to the following: twenty-five years imprisonment at hard labor and a $50,000 fine on count one; twenty-five years imprisonment at hard labor, with the first five years of the sentence to be without the benefit of probation or suspension of sentence on Imcount two; five years imprisonment at hard labor each on counts three, four, five, six, and seven. Further, we find that the advisement of the agreed-upon sentences was sufficient for compliance with La. C.Cr.P. art. 556.1.
After thoroughly reviewing the guilty plea proceedings, including the transcript and waiver of rights form, we find that defendant was properly advised of his Boykin rights, that defendant understood the consequences of his guilty pleas, and that there are no non-frivolous issues with regard to defendant’s guilty pleas which would support an appeal.
With regard to defendant’s sentences, the imposed sentences fall within the sentencing ranges prescribed by statute at the time of the offenses. See La. R.S. 40:966(B)(1) and (D)(1)(a); La. R.S. 40:969(0(2); La. R.S. 40:1238.1(0. Also, defendant was sentenced in conformity with a plea agreement. La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Ott, 12-111 (La.App. 5 Cir. 10/16/12), 102 So.3d 944, 951.
In addition, defendant stipulated to the habitual offender bill of information charging him as a second felony offender as to possession of Alprazolam, count four, of the original bill of information. Generally, appellate review of an enhanced sentence is precluded when imposed pursuant to a plea agreement. See La.C.Cr.P. art. 881.2(A)(2); State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Further, a stipulation to a habitual bill bars a defendant from asserting on appeal that the State failed to produce sufficient proof at the habitual bill hearing. See State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
After reviewing defendant’s habitual offender stipulation, we find no nonfrivolous issues which would support an appeal in the present case. During the Inhabitual offender stipulation and by the “Waiver of Rights and Entry of Plea of Guilty as a Multiple Offender under LA R.S. 14:529.1 [sic],” defendant was advised of his right to “plead not guilty” and his right to a hearing. Defendant was also advised of his right to force the State to prove that he was one and the same individual with prior felony convictions, that the time period between the completion of the sentence for the prior felony and the date of the crime for which he was being convicted was less than ten years, and that prior to any predicate conviction that was the result of a guilty plea, he was first properly advised of his rights, including his right to trial by jury, his right to cross-examine the State’s witnesses, and his right to remain silent and not have his silence held against him. Defendant was further advised that he had *1241 a right to be represented by an attorney, and that if he could not afford an attorney, one would be appointed to represent him. Further, defendant was advised that he had the right to remain silent throughout the hearing in the present case and not have his silence held against him.
Defendant was also advised that if the trial court accepted his stipulation, he would be sentenced to ten years imprisonment at hard labor, to be served without the benefit of probation or suspension of sentence. Defendant indicated that he was not forced to enter into the habitual offender stipulation. It appears, however, that the waiver of rights form and the trial court incorrectly advised defendant that the sentencing range for his enhanced sentence on count four was between seven and one-half years and a maximum of ten years. La. R.S. 15:529.1(A)(1) provides that:
If the second felony is such that upon a first conviction the offender would be' punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
| ^Defendant’s conviction on count four, possession of Alprazolam, was punishable by imprisonment “with or without hard labor for not more than five years.” La. R.S. 40:969(0(2). Accordingly, it appears that the correct sentencing range on defendant’s enhanced sentence on count four, possession of Alprazolam, was actually between two and one-half years and ten years, and not between seven and one-half years and ten years, as advised by the trial court. See La. R.S. 15:529.1(A)(1); La. R.S. 40:969(0(2). Nevertheless, the trial court sentenced defendant to the correct maximum sentence of ten years at the habitual offender enhanced sentencing, and there is nothing in the record that indicates that the trial court intended to impose a lenient sentence for defendant. See State v. Preston, 47,273 (La.App. 2 Cir. 8/8/12), 103 So.3d 525, 535. See also State v. Johnson, 03-620 (La.App. 5 Cir. 10/28/03), 860 So.2d 180, 191, writ denied, 03-3171 (La.3/19/04), 869 So.2d 849. Although defendant was incorrectly advised regarding the minimum sentence he could face, it is noted that defendant was correctly advised as to the sentence that would be imposed, and defendant agreed to the enhanced sentence. Based on the foregoing, we find that the proceedings surrounding defendant’s guilty pleas, sentencing, and habitual offender stipulation and sentencing on count four do not present any non-frivolous issues to be raised on appeal.
Appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Therefore, we affirm defendant’s convictions and sentences, and grant appellate counsel’s motion to withdraw as attorney of record for defendant.

J¿¿ERRORS PATENT REVIEW

Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether defendant makes such a request. The review reveals no errors patent in this case that require corrective action.

*1242
CONCLUSION

For the foregoing reasons, defendant’s convictions and sentences are affirmed. Appellate counsel’s motion to withdraw as counsel of record for defendant is granted.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. It is noted that defendant also pled guilty to a misdemeanor in case number 13-3030, possession of drug paraphernalia, which is not a part of the present appeal.

. It is noted that additional details of the charges against defendant were adduced at the motion to suppress hearing.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam ).

.The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).