WICKER, J.
|! After filing an application for post-conviction relief, defendant, Matthew C. Carroll, received leave to file this out-of-time appeal arising from his guilty plea to one count of obscenity in violation of La. R.S. 14:106 and his stipulation to his status as a second felony offender pursuant to La. R.S. 15:529.1. Defendant’s appointed counsel has filed an appellate brief pursuant to Anders v. California and has further filed a motion to withdraw as counsel of record. Defendant has not submitted a pro se supplemental brief. For the following reasons, we grant defense counsel’s motion to withdraw and affirm defendant’s conviction and sentence.
STATEMENT OF THE CASE
On July 18, 2014, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant with one count of obscenity in violation of La. R.S. 14:106. On July 21, 2014, the district court arraigned defendant, and defendant pled not guilty.
On October 22, 2014, defendant withdrew his plea of not guilty and pled guilty as charged. Prior to entering his guilty plea, defendant indicated that his attorney had advised him of his right to a trial by jury or by the Court alone, his right to confront his accusers and cross-examine witnesses, and his right against self-incrimination, as required by Boykin v. Alabama.[1] Both in open court and by signing the “Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty” form, defendant acknowledged that he understood these rights and that, by entering a plea of guilty, he was waiving these rights.
Defendant’s trial counsel, both in open court and by his signature on the waiver of rights form, also affirmed that he informed defendant of these rights and that he was satisfied that defendant was entering his plea of guilty knowingly, | ¿willingly, intelligently, and voluntarily, knowing all of the consequences. Thereafter, the district court accepted defendant’s plea as knowing, intelligent, free, and voluntary. After setting forth the plea agreement in the record, the district court sentenced defendant in accordance with the plea agreement to three years imprisonment at hard labor and to pay fees of $150 to the Indigent Defender Board and $150 to the Jefferson Parish Sheriffs Office.
On the same date, pursuant to its plea agreement with defendant, the State filed a multiple offender bill of information alleging defendant was a second felony offender. After the district court reviewed with defendant.the rights he would waive by pleading guilty to the .multiple offender bill, defendant pled guilty to the multiple offender bill, and the district court accepted his guilty plea as knowingly, intelligently, freely, and voluntarily made. In accordance with the plea agreement, the district court vacated defendant’s original sentence for his violation of La. R.S. 14:106, resen-tenced defendant as a second felony offender to five years imprisonment at hard labor without benefit of probation or suspension of sentence, and re-imposed the fees of $150 to the Indigent Defendant Board and $150 to the Jefferson Parish Sheriffs Office.
On September 14, 2016, defendant filed a Uniform Application for Post-Conviction Relief, seeking an out-of-time appeal.[2] On *1183 September 19, 2016, the | ^district court issued an order granting defendant an out-of-time appeal. The instant appeal followed.
FACTS
Because defendant’s conviction was the result of a guilty plea, the facts underlying the crime of conviction were not fully, developed in the record. According to the probable cause affidavit, on June 19, 2014, defendant “was observed by a female jogger at Lafreniere Park masturbating alongside the jogging trail.” When defendant entered his guilty plea on October 22, 2014, defendant admitted that, On June 19, 2014, he was in a public place masturbating.
ANDERS BRIEF
Under the procedure this Court adopted in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, defendant’s appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission'to withdraw as counsel of record.
In Anders, the United States Supreme Court determined that appointed appellate counsel may request permission to withdraw if he' finds his case to be wholly frivolous after a conscientious examination of it. In Jyles, the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” 704 So.2d at 241.
When counsel files an Anders brief, an appellate court reviews (l)-the bill of information, to insure that the defendant was properly, charged, (2) all minute gentries, to insure that the defendant was. present at all crucial stages, (3) all pleadings in the record, and. (4) all transcripts, to determine whether any ruling provides an arguable basis for appeal. State v. Wingerter, 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. When conducting a review for compliance with Anders, an appellate court must conduct ah independent review of the trial court record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court *1184 determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
DISCUSSION
Defendant’s appellate counsel asserts that, after a detailed review of the record, she can find no non-frivolous issues to raise on appeal. She submits that prior to entering his guilty plea, defendant was fully informed, by both his trial counsel and the trial court, of the legal consequences of pleading guilty. She notes that although the trial court did not directly advise defendant that he had the right to remain silent at trial, the court did confirm with defendant’s trial counsel that he had reviewed defendant’s rights with him, including his right against self-incrimination. She also asserts that defendant acknowledged that he had signed the waiver of rights form, informing him that by pleading guilty his right against self-incrimination would be waived. Appellate counsel avers the trial court explained the sentence that it would impose if defendant’s plea was accepted, and that pursuant to the plea agreement, the agreed upon sentence was imposed. She further maintains defendant was properly advised of his multiple offender rights prior to his stipulation to the multiple bill and of the specific enhanced sentence he | swould receive as a result of his stipulation. Appellate counsel notes that defendant was resentenced in accordance with the plea agreement and that defendant failed to object to his sentences, barring him from challenging them on appeal. Because defendant’s appellate counsel can find no non-frivolous issue for appeal, counsel requests that this Court grant her motion to withdraw.
The State agrees and highlights that, although defendant filed pre-trial motions before pleading guilty, the record does not reflect that any rulings could form the basis of an issue on appeal and defendant specifically acknowledged when he entered his guilty plea that he was waiving his rights to allege an illegal arrest, illegal search and seizure, illegal confession, and illegal lineup. Accordingly, the State urges this Court to grant defense counsel’s request to withdraw as counsel of record.
This Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until March 1, 2017 to file a pro se supplemental brief. Nevertheless, defendant did not timely file a pro se brief with this Court.
The bill of information properly charged defendant, plainly and concisely stated the essential facts constituting the charged offense, and sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 463-466.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea proceeding, his sentencing, and his multiple bill proceeding, including his stipulation and his enhanced sentencing. As such, defendant’s presence does not present any issues that would support an appeal.
Further, defendant pled guilty as charged to obscenity and also admitted to being a second felony offender as alleged in the multiple bill. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading |»up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, *1185 926 So.2d at 664. Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
Our review of the record indicates that defendant filed pre-trial motions, including motions to suppress statements, evidence, and identification, and the district court didn’t rule on these motions prior to the time defendant entered his guilty plea. Because defendant did not object to the district court’s failure to hear or rule on his pre-trial motions prior to the entry of his guilty plea, we find defendant waived the motions. See State v. Corzo, 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, when the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that plea bargain is not kept. Id. A guilty plea will not be considered valid unless the plea was a free and voluntary choice on the part of the defendant. State v. Nuccio, 454 So.2d 93, 104 (La. 1984). Under Boykin, the decision to plead guilty will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. Id. The waiver of those rights must be on the record, unequivocal, express and knowing, and free and voluntary. Id.; see State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85, 89-90 (1971).
|7Our review of the record reveals no irregularities in defendant’s guilty plea that would render it constitutionally infirm. First, the record shows that defendant was aware he was pleading guilty to obscenity, a violation of La. R.S. 14:106. Defendant also acknowledged that he was entering this plea because he was in fact guilty of this crime and that no one had used any’force, intimidation, coercion, or promise of reward in order to induce him to plead guilty. Concerning defendant’s Boykin rights, the district court personally advised defendant of his right to a judge or jury trial and his right to confrontation, but the court did not directly advise defendant of his right against self-incrimination. While it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea. State v. Halsell, 403 So.2d 688, 690 (La. 1981). Whether a plea is knowing and voluntary is determined by the entire record and not just by certain magic words used by the trial judge. State v. Hinson, 01-1548 (La. 9/14/01), 797 So.2d 32, 32-33 (per curiam). Further, a written form containing a waiver of rights is a part of the record, and it can be examined to determine the free and knowing nature of the plea. State v. Dunn, 390 So.2d 525, 526-27 (La. 1980). Defendant’s plea colloquy along with a well-executed waiver of rights form may constitute a sufficient affirmative showing on the record that defendant knowingly waived his rights. State v. Hebert, 02-884 (La. App. 5 Cir. 12/30/02), 838 So.2d 30, 31-34.
Although the district court did not directly advise defendant of his right against self-incrimination, the transcript of the plea colloquy reflects that the district court confirmed with defendant’s trial *1186 counsel that he had advised defendant of his right to trial by judge or jury, his right •to confrontation, and his right against self-incrimination. Defendant’s trial counsel, both in open court and by his signature on the waiver of rights form, affirmed that he informed defendant |sof his right to trial by judge or jury, his right to confrontation, and his right against self-incrimination and that he was satisfied that defendant was entering his plea of guilty knowingly, willingly, intelligently, and voluntarily, knowing all of the consequences. Both in open court and by signing the waiver of rights form, defendant acknowledged that he understood these rights and' that, by entering a plea of guilty, he was waiving these rights,[3] In open court, defendant also acknowledged his signature on the waiver of rights form and conceded that the district .court had given him every opportunity to ask questions about the consequences regarding his plea of guilty and that he was completely satisfied with the explanations of his attorney and the trial judge. After review of the entire record, we find that the plea colloquy along with the well-executed waiver of rights form constitute a sufficient affirmative showing on the record that defendant was advised of his rights, that he understood them, and that he made a knowing and intelligent waiver of them. See State v. Nelson, 10-760 (La. App. 5 Cir. 3/29/11), 63 So.3d 280, 283-84; State v. Cole, 04-615 (La. App. 5 Cir. 3/1/05), 900 So.2d 15, 23-24.
Defendant was also informed during the colloquy and by means of the waiver of rights form of the sentencing range for the offense as well as the actual penalty that would be imposed upon acceptance of his guilty plea. Moreover,' he was informed that his guilty plea could be used to enhance a penalty for any future conviction. After his colloquy with defendant, the trial ■judge accepted defendant’s guilty plea as knowingly, intelligently, freely, and voluntarily made. Based on our | preview of the-entire record, we find that defendant’s guilty plea was'made knowingly and voluntarily, and we detect no non-frivolous issues for appeal.
Moreover, a review of the multiple offender proceeding reveals that defendant was sufficiently advised of his- multiple offender- rights. The multiple bill waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates that defendant understood that by stipulating -to the allegations in the multiple offender bill he was giving up his right to “plead not guilty,” his right to a hearing and to force the State to prove the elements of La. R.S. 15:529.1, and his right to remain silent throughout the hearing. The record contains the “Waiver of Rights—Plea of Guilty Multiple Offender—La. R.S. 15:529.1” form. The form reflects the signatures of defendant, defendant’s counsel, and the district court judge. During the multiple bill proceeding, defendant’s trial counsel represented to the court that he had reviewed with defendant both the State’s multiple offender bill of information and the waiver of rights form for the multiple offender bill. Moreover, the transcript reflects that defendant affirmed that he was satisfied with his attorney’s and the court’s efforts to explain the rights he was waiving and consequences of his plea.
Defendant was also advised that the sentencing range for his enhanced sen *1187 tence on his conviction for obscenity was between three and six years imprisonment at hard labor. However, the waiver of rights form and the district court incorrectly advised defendant of the minimum sentence he could receive as a second felony offender for his obscenity conviction. La. R.S. 15:529.1(A)(1) provides that:
If the second felony is such that upon.a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
| mDefendant’s conviction for obscenity was punishable by imprisonment “with or without hard labor, for not less than six months nor more than three years.” La. R.S. 14:106(G)(1). Accordingly, the correct minimum sentence on defendant’s enhanced sentence for obscenity was actually one and one-half years and not three years, as advised by the trial court. Nevertheless, although defendant was, incorrectly advised regarding the minimum sentence he could face, defendant was correctly advised as to the five-year sentence that would be imposed, and defendant agreed to the enhanced sentence. Thus, this error does not present a non-frivolous issue for appeal. See State v. Breaux, 15-79 (La. App. 5 Cir. 6/30/15), 171 So.3d 1234, 1241.
Additionally, defendant indicated that he understood all the possible legal consequences of stipulating to the multiple bill and wished to stipulate to being a second felony offender. He indicated that he was satisfied with the way his attorney and the court had handled his case and that he had not been forced, coerced, or threatened into stipulating to -the múltiple bill. His stipulation was accepted by the trial judge as knowingly, intelligently, freely, and voluntarily made. By stipulating to the multiple bill, defendant waived his right to a hearing and any possible non-jurisdictional defects were also waived. Thus, defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing when he waived the hearing. Schaefer, 704 So.2d at 304.
Lastly, defendant’s sentences do not present issues for appeal. His original sentence and his enhanced sentence fall within the sentencing ranges prescribed by statute. See La. R.S. 14:106(G)(1); La. R.S. 15:529.1(A)(1). Further, defendant’s original and enhanced sentences were imposed pursuant to, and in conformity with, the plea agreements. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46; State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Likewise, this Court has consistently recognized that La. C.Cr.P, art. 881.2(A)(2) precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Robinson, 15-661 (La. App. 5 Cir. 2/24/16), 186 So.3d 1269, 1272 (citing State v. Bolton, 02-1034 (La. App. 5 Cir. 3/11/03), 844 So.2d 135, 142, writ denied, 03-1159 (La. 11/14/03), 858 So.2d 417); State v. Dickerson, 11-236 (La. App. 5 Cir. 11/15/11), 80 So.3d 510, 520-21.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis' that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counseFs assertion, we grant defendant’s appellate counsel’s motion to withdraw as attorney of record.
*1188 ERRORS PATENT
Defendant requests errors patent review. This Court routinely reviews the record for errors patent regardless of whether the defendant makes such a request. La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). Our review in this case reveals no errors patent.
CONCLUSION
In accordance with Anders and Jyles, we have performed a thorough review of the record and have confirmed the statements by counsel. Our review of the record reveals no non-frivolous issues defendant could raise on appeal. Accordingly, we affirm defendant’s conviction and sentence, and we grant appellate counsel’s motion to withdraw.
AFFIRMED

. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Prior to filing this application for post-conviction relief, defendant filed a motion for *1183 production of documents on December 9, 2014, which the district court denied in part on December 19, 2014, ordering that defendant be provided with the transcript of his Boykin colloquy and sentencing, On May 29, 2015, defendant filed a "Petition for Writ of Habeas Corpus Ad Subjiciendum,” alleging ineffective assistance of counsel and attacking his multiple offender conviction, as uninformed and constitutionally defective, On June 3, 2015, the district court issued an order again directing that defendant be provided with a copy of his Boykin colloquy and sentencing transcripts, On September .14, 2015, defendant filed a "Uniform Application for Post-Conviction Relief,” alleging ineffective assistance of counsel. On September 23, 2015, the district court denied this application as premature and directed defendant to seek an out-of-time appeal. After defendant sought this Court’s supervisory review of this order, this Court denied writs on March 30, 2016, finding the district court did not err in denying defendant post-conviction relief as premature. State v. Carroll, 16-148 (La. App. 5 Cir. 3/30/16). Thereafter, on September 14, 2016, defendant filed the instant "Uniform Application for Post-Conviction Relief,” seeking an out-of-time appeal.

. The record contains the waiver of rights form entitled "Defendant’s Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty.” Defendant did not place his initials next to any of the rights listed on the form. Nevertheless, the form was signed at the bottom by defendant, defendant’s counsel, and the trial judge. There has never been a requirement that á defendant initial each line in a plea form. State v. Woods, 09-399 (La. App. 5 Cir. 3/9/10), 38 So.3d 391, 405.