WICKER, J.
*870 In this pro se writ application, relator, Jeffrey Kruebbe, seeks review of his conviction and sentence for misdemeanor theft in violation of La. R.S. 14:67. For the following reasons, relator's conviction and sentence are affirmed. However, we grant this writ for the limited purpose to remand this matter to the trial court for correction of the minute entry to comport with the plea as reflected in the transcript.
Procedural History
On March 12, 2015, the Jefferson Parish District Attorney's office filed a bill of information in Second Parish Court for the Parish of Jefferson, charging defendant with one count of theft under $500.00 in violation of La. R.S. 14:67. The State alleged that defendant committed theft of under $500.00 cash money from Genuine Parts Company d/b/a National Automotive Parts Association ("NAPA"), defendant's former employer, between January 21, 2015, and February 6, 2015.
Defendant filed numerous motions in both state and federal court. On December 11, 2015, in Second Parish Court, defendant filed a "Pro Se Motion to Dismiss Plaintiff's Complaint and/or Motion to Transfer Venue Under 28 U.S.C. § 1446(a)."[1] In his motion, defendant alleged multiple due process violations, including a coerced confession, defective service of process, and a judge who could not be impartial. The trial court denied defendant's motion to dismiss on December 14, 2015.[2]
*871 On June 14, 2016, the Jefferson Parish District Attorney filed an Application for Sanity Commission in the trial court, based upon an email defendant wrote to an assistant district attorney, in which defendant claimed that his "friend [who] wrote the brief for me" was "targeted and harassed and basically killed/ murdered by Gail Benson, Angela Hill and Sean Payton." The trial court granted the motion, staying the trial until a hearing regarding defendant's mental competency could be held.
On October 19, 2016, defendant filed a motion to declare the Judicial Expense Fund unconstitutional, and a pro se motion to dismiss his criminal case.[3] On November 2, 2016, the trial court denied defendant's motion to declare the fund unconstitutional. On November 3, 2016, the district attorney filed a motion to strike pro se pleadings filed by the defendant in the state court proceeding, arguing that the court previously appointed counsel, Jesse Beasley, to represent defendant. That motion was granted on November 3, 2016.[4]
On February 8, 2017, following defendant's Sanity Commission hearing during which defendant was represented by counsel, the court determined defendant was competent to stand trial.
On August 14, 2017, defendant entered an unconditional guilty plea before an ad hoc judge, pursuant to La. C.Cr.P. art. 894. According to the Boykin v. Alabama[5] form, defendant waived his right to a trial, the State's obligation to prove defendant's guilt beyond a reasonable doubt, the right to confront and cross-examine witnesses, the right against self-incrimination, and the right to appellate review.[6] Defendant was represented by appointed counsel, and was sentenced to thirty days in parish prison, deferred, eleven months of probation, and thirty hours of community service. This timely writ, seeking review of defendant's conviction and sentence, follows.
Factual Background
Because defendant pleaded guilty, the underlying facts were not fully developed at a trial. During the guilty plea colloquy, defendant admitted to the factual basis for his theft charge-that he committed theft of less than $750.00 in cash money from NAPA on February 9, 2015, in violation of La. R.S. 14:67.
According to the NAPA internal investigation, on February 9, 2015, after noticing a $40.00 shortage in cash register deposits, Darrell Yates, the store manager of the Marrero NAPA location, contacted Greg Galle, NAPA's District Manager for Loss Prevention, regarding a suspected theft. According to NAPA's internal investigation, Yates, on a closed circuit television, observed defendant, a NAPA delivery driver, approach the store's cash register while the clerk was away from the register, put a key in the register, take money, *872 look around to see if anyone noticed, and leave the store to make a delivery.[7]
According to NAPA's report, defendant acknowledged in writing his responsibility for the missing funds from the cash register. Subsequently, Officer Adrian Brouillette of the Jefferson Parish Sheriff's Office issued a misdemeanor summons to defendant for theft in violation of La. R.S. 14:67.
Discussion
In this pro se writ application, defendant seeks review of thirteen assignments of error-ranging from violations of his constitutional rights to multiple claims that defendant was prejudiced throughout the proceedings-and seeks a withdrawal of his guilty plea. Defendant additionally asserts an ineffective assistance of trial counsel claim, contending that his trial counsel was ineffective and forced him to plead guilty without his consent.
To the extent defendant argues that his guilty plea should be withdrawn, only pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. Eiermann , 17-44 (La. App. 5 Cir. 6/29/17), 224 So.3d 1220, 1224 (citing State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124 ) ); State v. Carroll , 17-17 (La. App. 5 Cir. 06/29/17), 224 So.3d 1179, 1185. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter a plea by a plea bargain or what he believes to be a plea bargain and the bargain is not kept. Id. At a minimum, under Boykin , the defendant must be notified of the waiver of three constitutional rights-the right to trial by jury,[8] the defendant's privilege against self-incrimination and defendant's right to confront his accuser. State v. Robinson, 02-1253 (La. App. 5 Cir. 4/8/03), 846 So.2d 76, 85. If the defendant does not waive these rights, he has been denied due process of law as the plea was not given freely and knowingly. Eiermann , 224 So.3d at 1224 (citing State v. Goff , 13-866 (La. App. 5 Cir. 4/09/14), 140 So.3d 146, 150-51 ; State v. Dixon , 449 So.2d 463, 464 (La. 1984) ).
A review of the record reveals there are no constitutional infirmities or irregularities that would warrant a withdrawal of defendant's guilty plea. The guilty plea transcript reflects that defendant waived his right to trial, the State's requirement to prove his guilt beyond a reasonable doubt, his right to confront and cross-examine witnesses, his right against self-incrimination, and his right to appellate review. During his guilty plea colloquy with the Court, defendant acknowledged that he was in fact guilty of theft. Defendant stated that no threats or promises were made to him to encourage him to plead guilty and acknowledged that his guilty plea could be used to enhance any future conviction under the habitual offender law. Defendant stated that he understood the rights he was waiving, and he signed a waiver of rights form indicating that he understood the significance of his guilty plea. Defendant was further informed that he would be sentenced to thirty days deferred in parish prison, eleven *873 months of probation, and thirty hours of community service.
We find that the plea colloquy along with the signed waiver of rights form constitute a sufficient affirmative showing on the record that defendant was advised of his rights, understood those rights, and that he made an intelligent and knowing waiver of his rights.
In this case, defendant entered an unconditional guilty plea which, by its nature, admits factual guilt and waives all non-jurisdictional defects in the proceedings prior to the entering of the plea. State v. Starks , 01-1078 (La. 3/28/02), 812 So.2d 638, 638-39 (citing Tollett v. Henderson , 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ); State v. Crosby , 338 So.2d 584, 586 (La. 1976) (citing State v. Foster , 263 La. 956, 269 So.2d 827 (1972) ; State v. Smith , 09-168 (La. App. 5 Cir. 6/23/09), 19 So.3d 509, 510-11 (citing State v. Joseph , 03-315 (La. 5/16/03), 847 So.2d 1196 (per curiam); State v. King , 99-1348 (La. App. 5 Cir. 5/17/00), 761 So.2d 791, 793 ). An unconditional guilty plea waives all non-jurisdictional defects and bars a defendant from later asserting any defects on appellate review. Because defendant pleaded guilty in this case, we do not consider defendant's assignments of error arising out of the trial court proceedings that have been waived by his unconditional guilty plea.
However, defendant also raises an ineffective assistance of trial counsel claim. The Louisiana Supreme Court has generally found that an ineffective assistance of counsel claim is best addressed through an application for post-conviction relief, rather than on direct appeal, so a full evidentiary hearing may be held in the district court. Id. (citing State v. Truitt , 500 So.2d 355, 359 (La. 1987). However, if the record contains sufficient evidence to rule on the merits and the claim is properly raised in an assignment of error, an appellate court may address the claim in a measure of judicial economy. Id. (citing State v. Armstead , 07-741 (La. App. 5 Cir. 2/6/08), 980 So.2d 20, 24 ).
In his pro se writ application, defendant claims that his appointed trial counsel, Jesse Beasley, lied to him and pressured him into entering a guilty plea. Defendant claims that his appointed counsel told him the trial judge would "throw him in prison," if defendant did not plead guilty. He claims that his attorney entered his guilty plea for him. Upon our review of the documentation submitted in connection with this writ application, we find that the record contains sufficient evidence to rule on the merits of defendant's ineffective assistance of counsel claim, and we elect to address this claim in the interest of judicial economy.
A criminal defendant is entitled to effective counsel under the Sixth Amendment of the United States Constitution and Article I, § 13 of the Louisiana Constitution. State v. Jamison , 17-49 (La. App. 5 Cir. 5/17/17), 222 So.3d 908, 918 (citing State v. Allen , 06-778 (La. App. 5 Cir. 4/24/07), 955 So.2d 742 ). To prove ineffective assistance of counsel, a defendant must show his counsel's performance was deficient and caused the defendant prejudice. Id. (citing Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). In order to prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that but for the attorney's deficient conduct, the outcome of the proceedings would have been different. Id.
Sixth Amendment jurisprudence does not guarantee a defendant the right to errorless counsel. Rather, there is a strong presumption that defense counsel's performance falls within the broad *874 range of reasonable professional assistance. State v. Cambre , 05-888 (La. App. 5 Cir. 7/25/06), 939 So.2d 446, 460 (citing State v. LaCaze, 99-584 (La. 1/25/02), 824 So.2d 1063, 1078 ). Ineffective assistance of counsel claims are judged in hindsight, but evaluated in the context of the situation at the time counsel made the decision. Id.
A review of the documentation provided in connection with this writ application reflects that defendant's ineffective assistance of counsel claim surrounding his plea lacks merit. The guilty plea transcript reflects that the court notified defendant that he was pleading guilty to misdemeanor theft, waiving the right to a judge trial, the requirement of the State to prove his guilt beyond a reasonable doubt, his right to confront his accuser, and his right to self-incrimination. Defendant personally acknowledged that he understood the rights he was waiving. Further, the court asked defendant whether he "acknowledge[d] that no promises or threats have been made to encourage you to enter a plea of guilty," to which defendant responded, "Yes." The record reflects defendant was sentenced to thirty days deferred in parish prison, eleven months of probation, and thirty hours of community service, well below the maximum sentence provided for in La. R.S. 14:67.[9] The record reflects that defendant's plea was knowing and voluntary. Therefore, defendant's ineffective assistance of counsel claim arising out of his guilty plea has no merit.
Errors Patent Review
In his writ application, defendant requests an errors patent review. Generally, an errors patent review is not conducted on misdemeanor appeals. However, on occasion, this court has conducted an error patent review on applications for supervisory review in misdemeanor cases. See State v. Morris , 16-712 (La. App. 5 Cir. 12/29/16), 209 So.3d 420 ; State v. Carruth , 94-147 (La. App. 5 Cir. 9/27/94), 643 So.2d 1319, 1322. The records reflects the following error patent:
The minute entry indicates that defendant's plea was "accepted as an Alfred [sic] plea." However, neither the Boykin form nor the transcript indicated that defendant's plea was made under Alford.[10] Further, defendant did not protest his innocence during his plea hearing. The transcript contrarily indicates that defendant admitted his guilt. Louisiana law holds that when there is a discrepancy between the transcript and minute entry, the transcript prevails. State v. Lynch , 441 So.2d 732, 734 (La. 1983) ; State v. Davis , 17-81 (La. App. 5 Cir. 6/29/17), 224 So.3d 1211, 1220 ). Accordingly, we grant this writ for the limited purpose of remanding this matter to the trial court for correction of the minute entry to delete reference to an Alford plea.
Decree
Accordingly, for the reasons provided herein, defendant's conviction and sentence are affirmed. This writ is granted for the limited purpose to remand this matter to the trial court for correction of the *875 minute entry to comport with the plea as reflected in the transcript.
Conviction and Sentence Affirmed; Writ Granted for Limited Purpose And Remanded

Defendant was seeking to transfer his case to the United States District Court of the Eastern District of Louisiana. 28 U.S.C. § 1446 (a) provides the procedural requirements to remove a civil action after the action is removable under 28 U.S.C. § 1332. Section 1332 allows for removal of an action where there is complete diversity among the parties, and the action exceeds the amount in controversy required by statute.

The trial court did not rule on defendant's motion to transfer venue. Defendant also filed a separate federal suit. In his federal complaint, defendant again alleged due process violations under the Fifth Amendment due to (1) false and coerced statements, and (2) the lack of a fair and impartial judge based on the operation of the Second Parish Court of Jefferson Parish Judicial Expense Fund established pursuant to La. R.S. § 13:2562.22. Defendant sought a declaratory judgment declaring La. R.S. § 13:2562.22 unconstitutional and an injunction enjoining enforcement of the Second Parish Judicial Expense Fund.
Defendant also filed a "Notice of Removal of Criminal Prosecution," alleging that he could not receive a fair trial at the Second Parish Court since the judges control the disposition of the fines and fees they extract from litigants. Defendant's theft charge was remanded to the Second Parish Court on January 22, 2016. The declaratory judgment and injunctive relief complaint was still pending in federal court when the theft charge was remanded. On April 7, 2016, defendant removed his theft claim to the federal court pursuant to 28 U.S.C. § 1443 for the second time. On April 25, 2016, the federal court remanded the case, finding no basis for removal even when construing the pro se pleading liberally. Defendant's civil rights claims in the federal suit were dismissed and the federal court remanded the case to the Second Parish Court on July 20, 2016. Defendant appealed the dismissal and remand to the United States Court of Appeals for the Fifth Circuit on January 27, 2016, and the dismissal and remand was affirmed on May 5, 2017.

On February 29, 2016, defendant also filed a "Notice of Constitutional Question" in federal court. Defendant served Louisiana Attorney General, Jeff Landry, with the notice via certified mail and on March 1, 2016, the federal court issued an order notifying the Attorney General that the constitutionality of a Louisiana statute had been called into question.

Defendant has not assigned as error the trial court's grant of the motion to strike. Therefore, that judgment is not before this Court.

395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Because defendant was charged with a misdemeanor theft, his right of review is by a supervisory writ. See La. C.Cr.P. art. 912.1(C)(1).

According to the Jefferson Parish Crime Report, the reporting officer was told the following amounts of money were stolen: $20.00 on January 21, 2015, $40.00 on January 27, 2015, $40.00 on February 4, 2015, $60.00 on February 5, 2015, and $40.00 on February 6, 2015.

Since defendant was charged with a misdemeanor, he had a right to be tried by a judge. La. C.Cr.P. art. 779 (B)

La. R.S. 14:67(B), in effect at the time of the defendant's crime, provided:
(4) When the misappropriation or taking amounts to less than a value of seven hundred fifty dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than one thousand dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.

North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).