CHAISSON, J.
Defendant, Robert Collins, appeals his conviction and sentence for pornography involving juveniles. For the reasons that follow, we affirm defendant's conviction and sentence, and we further grant appellate counsel's motion to withdraw as attorney of record for defendant.
PROCEDURAL HISTORY
On June 17, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with pornography involving juveniles, in violation of La. R.S. 14:81.1. Defendant, through counsel, pled not guilty at his arraignment.
On December 10, 2015, defendant withdrew his plea of not guilty and, after being advised of his rights, pled guilty as charged. In accordance with the plea agreement, the trial court sentenced defendant to seven years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. In addition, defendant was advised of the sex offender notification/registration requirements and was ordered to register as a sex offender for fifteen years after his release from prison.
Defendant thereafter filed pro se motions to reduce and/or modify sentence, to allow home incarceration and/or community service, and for reconsideration of sentence, all of which were denied by the trial court. On October 30, 2017, the trial court granted defendant an out-of-time appeal.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *214 State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford , 676 So.2d at 1110.
In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. She sets forth the procedural history of the case and notes the limited facts in light of defendant's guilty plea. Appellate counsel asserts that before defendant changed his plea from not guilty to guilty, he was fully informed of the legal consequences of doing so by both his trial counsel and the trial court. Further, appellate counsel contends that an examination of the plea colloquy reveals that the trial court was thorough in explaining and making sure defendant understood the rights he was waiving by pleading guilty. Appellate counsel also notes that defendant was sentenced in accordance with the plea agreement, and therefore, he is restricted from appealing his sentence. Having made a conscientious and thorough review of the trial court record and finding no non-frivolous issues to raise on appeal and no rulings of the trial court that arguably support the appeal, appellate counsel requests permission to withdraw as attorney of record for defendant. In addition to appellate counsel's brief, defendant has filed a pro se supplemental brief, in which he challenges the sentence imposed.
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our review supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We particularly note that the record reveals no constitutional infirmity or irregularity in defendant's guilty plea that would render it invalid. The transcript of the guilty plea proceeding and the acknowledgment and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin[2] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. In addition, the record reflects that defendant was advised by the trial court and in the waiver of rights form of the potential sentencing range for the charged offense and of the actual sentence that would be imposed upon acceptance of his guilty plea. Defendant indicated during the guilty plea colloquy that he agreed to the registration and notification requirements for a sex offender and also acknowledged receipt of copies of the registration and notification statutes. Further, defendant advised the trial court that no one used any force, intimidation, coercion, or promise of reward in order to make him plead guilty. After a very thorough colloquy with defendant, the trial court accepted defendant's plea as knowingly, intelligently, freely, and voluntarily made. Based on the foregoing, we find that defendant's guilty plea does not present any issues for appeal.
*215 We now turn our attention to defendant's sentence. In his pro se supplemental brief, defendant challenges the imposed sentence of seven years on the basis that the trial court failed to individualize the sentence to the circumstances of his case. In his brief, defendant asserts that when imposing sentence, the trial court only knew his age and had no knowledge about his heart condition, his chronic back condition, or the number of people he supports. In light of these factors, defendant requests that this Court vacate the imposed sentence of seven years and resentence him to the minimum sentence of five years.
In the present case, defendant was advised during the guilty plea colloquy and in the waiver of rights form that upon acceptance of his guilty plea, he would be sentenced to seven years at hard labor without benefit of parole, probation, or suspension of sentence. When questioned by the trial court, defendant indicated that he understood the sentence that would be imposed upon acceptance of his guilty plea. Defendant was thereafter sentenced in accordance with the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Carroll , 17-17 (La. App. 5 Cir. 6/29/17), 224 So.3d 1179, 1187 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
Further, we note that defendant's sentence falls within the sentencing range prescribed by the statute and that his plea agreement was beneficial to him in that he received a sentence substantially less than the maximum possible penalty. See La. R.S. 14:81.1(E)(1)(a)[3] . Thus, we find that defendant's sentence presents no issues for appeal and that defendant's pro se argument relating to his sentence has no merit.
Lastly, we have reviewed the record for errors patent and have found none that require corrective action. La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
DECREE
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record for defendant, and we affirm defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

See Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

La. R.S. 14:81.1(E)(1)(a) provides for a term of imprisonment "at hard labor for not less than five years or more than twenty years, without benefit of parole, probation, or suspension of sentence."