JUDE G. GRAVOIS, Judge.

JgNTRODUCTION

In this, his second appeal, defendant/appellant, Calvin Hayes, seeks review of his sentences, claiming that they were illegally rendered. For the following reasons, we affirm defendant’s sentences and remand the matter for correction of the commitment.

PROCEDURAL HISTORY

On March 23, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant, Calvin Hayes, with one count of theft of property valued over $1,500.00, in violation of La. R.S.' 14:67 (count one); one count of theft of a motor *483 vehicle valued over $1,500.00, in violation of La. R.S. 14:67.26 (count two); one count of carjacking, in violation of La. R.S. 14:64.2 (count three); and one count of unauthorized use of a motor vehicle, in violation of La. R.S. 14:68.4 (count four). On August 19, 2012, count two was amended to unauthorized use of a motor vehicle, in violation of La. R.S. 14:68.4.
On March 19,2013, trial commenced, but before opening statements, defendant executed a waiver of constitutional rights form, which was also signed |aby defendant’s counsel and the trial judge, and entered pleas of guilty as charged to all counts. The trial judge then sentenced defendant to concurrent sentences of “ten years each on counts one, two, and four.... And on the count three, which is, the carjacking, twenty years without benefits [sic] of probation, suspension or parole.”
Also on March 19, 2013, the Jefferson Parish District Attorney filed a habitual offender bill of information alleging that defendant was a second felony offender. The habitual offender bill alleged that defendant, who pled guilty that day to carjacking (count three), was the same individual .who' had pled guilty on October 22, 2009 to the predicate offense of possession of methadone, in violation of La. R.S. 40:967(C). That same day, defendant executed another waiver of rights form and stipulated to being a second felony offender. The trial court vacated defendant’s sentence on count three and imposed an enhanced sentence, pursuant to La. R.S. 15:529.1, of twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence, to run concurrently with his underlying sentences. ‘
On January 13, 2015, defendant filed an application for post-conviction relief seeking an out-of-time appeal pursuant to State v. Counterman, 475 So.2d 336 (La.1985), which was granted on January 15, 2015. Defendant appealed his convictions and sentences to this Court. On original appeal, this Court affirmed defendant’s convictions, but due to the indeterminate nature -of his sentences on counts one, two, and four, vacated his sentences on those counts and remanded for resentencing.[1] Specifically, this Court found that the trial court sentenced defendant on counts one, two, and four without specifying if the sentences weré to be served with or without hard labor. Thus, because the applicable sentencing (¿statutes allowed for discretion, this Court determined that the sentencing court’s failure to indicate whether the sentences were to be served at hard labor rendered the sentences imposed on counts one, two, and four indeterminate. See State v. Hayes, 15-141 (La.App. 5 Cir. 8/25/15), 173 So.3d 1222, 1226.
On remand, defendant was resentenced on October 8, 2015 to concurrent ten-year hard labor sentences on counts one, two, and four. Additionally, despite this Court’s remand instruction that defendant only be resentencéd on counts oné, two, and four, the trial judge again resentenced defendant on count three to twenty years imprisonment at hard labor. On his own accord, the trial court further vacated defendant’s sentence on count three and re-sentenced defendant as a second felony offender to twenty years imprisonment at hard labor without the benefit of'probation, parole, or suspension of sentence, to run concurrently with his Underlying sentences.
*484 On November 5, 2015, defendant filed a pro se notice of appeal, which was granted by the trial court on November 16, 2015. Defendant’s second appeal follows.

FACTS

The following facts are taken from this Court’s opinion in defendant’s prior appeal, State v. Hayes, supra, at 1223, to-wit:,.
In this case, the convictions resulted from guilty, pleas so the facts surrounding the offenses were gleaned from the bill .of information. Here, the record reflects that, on or about February 17, 2012, defendant committed a theft of tools, valued at over $1,500, from Wayne McClure, in violation of La. R.S. 14:67. As to count two, the record reflects that, on or about February 19, 2012, defendant committed an unauthorized use of a 1996. Ford F-150 belonging to Kenneth Morvant, in violation of La. R.S. 14:68.4. As to count three, the record reflects that, on or about February 17, 2012," defendant,took a 2000 Jeep.Grand Cherokee from Javante Barnes by use of force or-intimidation, in violation of La. R.S. 14:64.2. As to count four, the record reflects that, .on or about February 17, 2012, defendant [ ^committed an unauthorized use of a 2003 Ford Crown Victoria, belonging to Michael Peters, in .violation of La. R.S. 14:68.2.

ASSIGNMENT OF ERROR

In his sole assignment of. error, defendant argues that his “sentences” are excessive.[2] He also argues that the trial judge failed to consider the criteria set forth under La.C.Cr.P. art. 894.1 and La. R.S. 15:529.1 at sentencing. Specifically, defendant argues that the court failed to state for the record the consideration taken into account and the factual basis used when imposing the sentences. He further claims that the failure of his trial counsel to object or file a motion to reconsider his sentences should not preclude this Court from considering the constitutionality of the sentences. In the event that it does, defendant contends that the failure of his trial counsel to object and file a written motion'for reconsideration constitutes ineffective assistance of counsel.
The State argues that because defendant failed to object to the sentence imposed and did not file a motion for reconsideration of sentence, he failed to preserve his claim for appellate review. Further, the State argues that pursuant to La.C.Cr.P, art. 881.2(A)(2), defendant is precluded from raising a claim of .ex-cessiveness on. appeal because his imposed sentence is a product of a plea agreement, and further, that even if defendant is not barred from appellate review, his sentence was not unconstitutionally harsh or excessive. Regarding defendant’s, claim of ineffective assistance of counsel, the State argues that because defendant is precluded from appealing his sentence tinder La.C.Cr,P. art. 881.2(A)(2), this argument is moot. Nonetheless, the State argues that defendant cannot show that but for counsel’s alleged error, he would have received a different sentence.
I fiDefendant’s sentences on counts one, two, and four were rendered indeterminate by this Court and remanded for resentencing., On remand, the trial judge resentenced, defendant on counts one, two, and four; however, he also resentenced defendant on count three — his enhanced habitual offender sentence, Throughout defendant’s brief, he contends that his “sentences” are excessive despite his statement at, the conclusion of his brief that *485 “the imposition of a 20-year sentence, a sentence, unsupported by the record, makes no sense, nor is it justified as not being excessive under these circumstances.” Defendant’s twenty-year sentence is his enhanced sentence which was not remanded for resentencing by this Court. Thus, we find that to the extent defendant is solely challenging the exces-siveness of his enhanced sentence on count three, this assignment does not relate to defendant’s resentencing and is not properly before this Court. See State v. Triche, 03-910 (La.App. 5 Cir. 12/30/03), 864 So.2d 832, 834, writ denied, 03-1979 (La.1/16/04), 864 So.2d 625.
To the extent defendant is challenging the excessiveness of his sentences on counts one, two, and four — the counts vacated and remanded for resentencing by this Court — because of his October 8, 2015 resentencing, we provide the following analysis.
On March 19, 2013, defendant pled guilty to the charged offenses. During the colloquy and on the waiver of rights form, defendant was informed of the maximum and minimum sentences that could 'be imposed on each count and the actual sentences that would be imposed if his guilty pleas were accepted. Defendant was also informed of the sentencing range he would be exposed to as a second felony offender on count three and the actual enhanced sentence he would receive as a habitual offender. After having his legal, rights explained to him, as well as the sentences that would be imposed, defendant still chose to plead guilty. |7His underlying concurrent ten-year sentences on counts one, two, and four fall within the sentencing ranges prescribed by statute. See La. R.S. 14:67; 14:68.4.[3] These same.’ sentences were imposed following remand at defendant’s resentencing on October. 8, 2015.
Further, the record reflects defendant’s sentences were imposed pursuant to, and in conformity with, the plea agreement. La.C.Cr.P. art. 881.2(A)(2) provides that “[t]he defendant cannot appeal or seek review of a' sentence imposed in conformity with a plea' agreement which was set forth in the record ■ at the time of the plea.” This Court has consistently recognized that Article 881.2(A)(2) precludes a defendant from seeking'review of a sentence agreed-upon at the time of the guilty plea. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46; State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173; State v. Guerra, 03-1071 (La.App. 5 Cir. 12/30/03), 865 So.2d 154, 157; State v. Miller, 02-729 (La.App. 5 Cir. 12/30/02), 836 So.2d 614, 618, writs denied, 03-0200 (La.10/10/03), 855 So.2d 326 and 03-0503 (La.10/10/03), 855 So.2d 329. Based on the foregoing, we find that defendant is not entitled to appellate review of his sentences. .- ’
Accprdingly,- because defendant was barred from seeking. review of his .sentences because they-were imp'osed as part of plea agreement, we further conclude that defendant’s counsel was not ineffective for failing to .file a .motion to reconsider sentences-or to object to the agreed-upon sentences. This argument is without .merit. ,

\ ¿ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and *486 State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).[4]
While the Uniform Commitment Order reflects the date of defendant’s re-sentencing after remand by this Court, it does not reflect the date of defendant’s original 'sentencing — March 19, 2013. The date of original sentencing should also be reflected on the Uniform Conjmitment Order because not all of defendant’s sentences were vacated and remanded for re-sentencing.
To ensure accuracy in the record, we remand the matter for correction of the Uniform Commitment Order to also reflect the date the original sentences and enhanced sentence were imposed prior to remand. We further direct the trial court to make the appropriate entries, as noted in this errors patent review, on the Uniform Commitment Order and direct the Clerk of Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant had been sentenced and to the Department of Corrections’ Legal Department. See La. C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam); State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.

JCONCLUSION

For the foregoing reasons, defendant’s sentences are affirmed. The matter is remanded for correction of the commitment in accordance with the instructions set forth above.

AFFIRMED; REMANDED FOR CORRECTION OF COMMITMENT

. This Court also remanded the matter for correction of the Uniform Commitment Order, which originally only reflected one offense' date. The instant record reflects that this correction has been made.

. It is unclear from defendant’s brief which sentence(s) he challenges as excessive.

. At the time the offenses were committed, ■ convictions under La. R.S. 14:67.(count one) and 14:68.4 (counts two and four) carried terms of imprisonment .with or without hard labor for not more than ten years.

. This is defendant’s second appeal. Defendant received an errors patent review upon his original appeal. This Court affirmed defendant’s convictions, but vacated his sentences on count’s one, two, and four as indeterminate and remanded the matter to the trial court for resentencing.- Defendant is not entitled to a second errors patent review of his underlying convictions and sentences. However, the record on appeal regarding defendant’s resentencing was reviewed. See State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426; State v. Alberto, 95-540 (La.App. 5 Cir. 11/28/95), 665 So.2d 614, 625, writs denied, 95-1677 (La.3/22/96), 669 So.2d 1222 and 96-0041 (La.3/29/96), 670 So.2d 1237.