WICKER, J.
11 Defendant, Misty Eiermann, appeals her convictions and sentences for manslaughter, obstruction of justice, illegally supplying a felon with a firearm, possession of a legend drug, and possession of certain controlled dangerous substances. Defendant’s appointed appellate counsel has filed an appellate brief pursuant to Anders v. California and has further filed a motion to withdraw as counsel of record. For the following reasons, we affirm defendant’s convictions and sentences as amended and grant counsel’s motion to withdraw.
STATEMENT OF THE CASE
On January 15, 2015, a Jefferson Parish Grand Jury indicted defendant, Misty Eiermann, with second degree murder in violation of La. R.S. 14:30.1 (count one), obstruction of justice in violation of La. R.S. 14:130.1 (count two), illegally supplying a felon with a firearm in violation of La. R.S. 14:95.1.1 (count three), possession of morphine in violation of La. R.S. 40:967(C) (count five), possession of Zoloft in violation of La. R.S. 40:1238.1 (count six), possession of morphine in violation of La. R.S. 40:967(C) (count seven), and possession of alprazolam in violation of La. R.S. 40:969(6) (count eight).[1] Defendant was arraigned the next day and pled not guilty.[2]
On April 25, 2016, pursuant to a negotiated plea agreement, the State amended count one of the indictment to charge defendant with manslaughter in violation of La. R.S. 14:31. On that same date, defendant withdrew her not guilty pleas and pled guilty to the amended charge of manslaughter on count one and guilty as charged on the remaining counts. Thereafter, on that same date, the trial judge sentenced defendant to imprisonment at hard labor for forty years on count Lone, imprisonment at hard labor for twenty years on count two, and imprisonment at hard labor for five years each on counts three, five, six, seven, and eight, with the sentences on all counts to run concurrently.[3] This appeal follows.
*1223 FACTUAL BACKGROUND
Defendant pled guilty to the charges against her without proceeding to trial. However, either the State or defendant provided a factual basis for each charge. As to the manslaughter charge, the defendant stated the following:
That night, me and my co-defendant, we had been drinking and taking pills, and I wanted to go rob my mom for her pills, morphine and Xanax. Walked to her house. When we got there, he had the gun with him and had it pointed at-her at first, and then he pointed it at me and told me, “You kill her or I will,” and so I did...
With respect to the obstruction of justice charge, defendant, admitted that she took off the clothes she wore the night of the murder, placed them in a garbage bag, and gave them to her co-defendant to dispose of them. Defendant further admitted to the possession of controlled dangerous substances, morphine and alprazolam, and agreed to the State’s factual basis that she possessed the legend drug Zoloft in violation of La. R.S. 40:1238.1.[4]
As to the charge that defendant illegally supplied a felon with a firearm, the State indicated that, if the matter proceeded to trial, it would prove that “between August 28[sic], 2014, and September 11, 2014[sic], that Misty Eiermann did violate Revised Statute 14:95.1.1, in that she did’ give, sell or donate, provide, lend or deliver, or otherwise transfer a firearm to Mr. Bryan Schwartz when she. |3admitted to police that she knew that Mr. Schwartz had been convicted of a felony....”[5]
ANDERS BRIEF
Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), defendant’s appointed appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds the case to be wholly frivolous after a conscientious examination of it. In State v. Jyles, the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that áppellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence *1224 presented to the jury for its consideration.” Jyles, 704 So.2d at 241.
An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. “When counsel flies an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a I ¿basis for appeal.” State v. Dufrene, 07-823 (La. App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In this case, appointed appellate counsel’s brief demonstrates that after a detailed review of the record, counsel could find no non-frivolous issues to raise on appeal. The State agrees and urges this Court to grant defense counsel’s request to withdraw as counsel of record. An independent review of the record supports counsel’s assertion that there are no non-frivolous issues to raise on appeal.
First, the amended indictment properly charged defendant and clearly, concisely, and definitely stated the essential facts constituting the offenses charged and sufficiently identified defendant and the crimes charged. See La. C.Cr.P. art. 464-466. Second, the minute entries reflect that defendant appeared at each stage of the proceedings against him. Defendant physically made an appearance in open court for her arraignment, her guilty plea proceeding, and her sentencing.
Third, defendant pled guilty to the charges against her. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what she justifiably believes was a plea bargain and that bargain is not kept. Id. In such a case, the defendant has been denied due process of law in that the plea was not given freely Land knowingly. State v. Goff, 13-866 (La. App. 5 Cir. 4/09/14), 140 So.3d 146, 150-51; State v. Dixon, 449 So.2d 463, 464 (La. 1984).
The record reflects that defendant was aware she was pleading guilty to the charged crimes—manslaughter, obstruction of justice, illegally supplying a felon with a firearm, unlawful possession óf Zoloft, possession of alprazolam, and two counts of possession of morphine. Defendant was advised of her right to a jury trial, her right to confrontation, and her privilege against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant was advised of these rights by means of the waiver of rights form, which she signed, and during the colloquy with the trial judge.
During her guilty plea colloquy and on her waiver of rights form, defendant indicated that she had not been forced, coerced, or threatened into entering her guilty pleas. The trial judge informed defendant during the colloquy and on the waiver of rights form of the sentencing *1225 ranges for manslaughter, obstruction of justice, and illegally supplying a felon with a firearm; the maximum sentences for possession of morphine, Zoloft, and al-prazolam; and of the actual sentences that would be imposed if her guilty pleas were accepted.[6] After the thorough colloquy with defendant, during which the trial judge informed her of the nature of the charges by additionally reading the relevant portions of the applicable statutes for | Reach crime charged, the trial judge accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily made.[7]
As to defendant’s sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In the instant case, defendant’s sentences were imposed in accordance with the terms of the plea agreements set forth in the record at the time of the pleas. Defendant’s sentences also fall within the sentencing ranges set forth in the statutes. See La. R.S. 14:31; La. R.S. 14:130.1; La. R.S. 14:95.1; La. R.S. 40:967(C); La. R.S. 40:1238.1; La. R.S. 40:969(C). Moreover, defendant’s plea agreement was beneficial to her in that the second-degree murder charge, for which if convicted she would have received a mandatory life sentence, was amended to a manslaughter charge, for which, pursuant to her plea agreement, she received a forty-year sentence.
Upon an independent review of the record, we find no non-frivolous issues for appeal. Defendant’s appointed appellate counsel has adequately demonstrated her review and analysis of the record in this case. An independent review of the record supports counsel’s assertions set forth in her Anders brief. Therefore, counsel’s request to withdraw as counsel of record is hereby granted.
ERRORS PATENT
Defendant requests an error patent review. This Court routinely reviews records for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990), regardless of whether a defendant makes such a request. The record reflects the following errors patent:
First, the sentencing transcript reflects that the trial judge imposed defen *1226 dant’s sentence on count three, illegally-supplying a felon with a firearm, to be served at hard labor.[8] La. R.S. 14:95.1.1 provides in pertinent part that whoever commits the crime of illegally supplying a felon with a firearm shall be imprisoned for not more than five years. It does not provide that the sentence is to be served at hard labor. Because 14:95.1 does not authorize a sentence to be served at hard labor, we delete the portion of defendant’s sentence on her illegally supplying a felon with a firearm conviction, to delete the order of hard labor. See State v. Anderson, 09-105, (La. App. 5 Cir. 10/27/09), 28 So.3d 324, 338, writ denied, 09-2596 (La. 5/21/10), 36 So.3d 229.
Second, the record reflects inconsistencies between the transcript arid the commitment. The transcript reflects that the trial judge ordered the first year of defendant’s sentence on count three to be served without benefit of parole, probation, or suspension of sentence. However, the commitment does not provide this restriction as to count three. The transcript prevails. Lynch, supra. Additionally, the uniform commitment order provides one offense date—September 9, 2014. However, the indictment as well as the factual basis provided by the State in the transcript reflect that the offenses occurred on multiple dates: count one—on or about September 9, 2014; count two—on or between September 9 and 16, 2014; count three—on or between August 28, 2014, and September 11, 2014; counts five, six, and eight—September 11, 2014; and count seven—September 10, 2014.
| «Accordingly, we remand this matter for correction of the commitment to conform to the transcript, as stated above. We further order the Clerk of Court for the 24th Judicial District Court to transmit the original of "the corrected uniform commitment order to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ legal department. See State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 (citing La. C.Cr.P. art. 892(B)(2)).
For the reasons provided herein, defendant’s convictions and sentences are affirmed as amended and appellate counsel’s motion to withdraw is hereby granted. This matter is remanded to the trial court for,correction, of the.uniform commitment order in accordance with this opinion.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS AMENDED; MOTION TO WITHDRAW GRANTED; REMANDED

. Co-defendant, Bryan A. Schwartz, was also charged with those same crimes in that same indictment in counts one, two, five, six, and eight, and was indicted with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 in count four.

. Defendant filed motions to suppress the evidence, statement, and identification, which the trial court denied.

. The trial judge also ordered that the first year of the sentence on count three was to be served without benefit of parole, probation, or suspension of sentence. See Error Patent Discussion, infra.

. Defendant indicated that she’ in fact had a prescription for the legend drug,-Zoloft. However, the State provided a factual basis and indicated that, if the matter proceeded to trial, it would prove that the Zoloft recovered belonged to defendant’s mother, the victim, and was taken from the victim "during those transactions.” Defendant implicitly agreed with the factual basis and proceeded with her plea on that charge, additionally stating that the plea was in her best interest. The trial court asked defendant:
Court: And do you understand, Ms. Eier-mann, that by entering your pleas of guilty, you're telling the Court that you, in fact, committed the crimes to which you’re pleading guilty?
Defendant: Yes, sir.

. Defendant admitted supplying her co-defen- ■ dant with a firearm but initially denied that she knew he was a convicted felon. Defendant proceeded with the plea agreement, acknowledging that she understood that by pleading guilty, she was informing the court that she did, in fact, commit the crimes to which she was pleading guilty. Defendant further acknowledged that the pleas were in her best interest.

. The trial judge did not inform defendant of the sentencing ranges on counts five, six, seven, and eight, related to possession of a legend drug and controlled dangerous substances. There are no mandatory minimum sentences with respect to those statutes, all of which provide for a penalty in the instant case of imprisonment with or without hard labor for not more than five years. See La. R.S. 40:967(C)(2); La. R.S. 40:1238.1(C); La. R.S. 40:969(C)(2). La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penally. However, “[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.” La. C.Cr.P. art. 556.1(E). Violations of La. C.Cr.P. art, 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Craig, 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64. In the instant case, the trial judge advised defendant of the maximum sentences under the statutes as well as the sentences that she would receive pursuant to the plea agreement, and she received those sentences. The advisement of the agreed upon sentences was sufficient for compliance with La. C.Cr.P. art. 556.1. See Craig, 66 So.3d at 64; State v. Broadway, 40,569 (La. App. 2 Cir. 1/25/06), 920 So.2d 960, 963.

. Defense counsel also stated to the Court that he discussed the matter with defendant and that it is his opinion that the plea agreement was entered into freely and voluntarily.

. Although the .commitment does not reflect that the sentence on count three was to be served at hard labor, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983).