LILJEBERG, J.
11 Defendant, Jose Perez, appeals his conviction 'and sentence following his agreement to enter into a guilty plea. For the following reasons, we affirm.
FACTS AND PROCEDURAL BACKGROUND • -
On Julie 8,- 2016, the St, Charles Parish' District Attorney filed a bill of information charging'defendant, Jose Perez, with aggravated flight from an officer, in violation of Lá. R.S. 14:108.1. On November 3, 2016, defendant entered a plea of guilty as-charged.
Because defendant pleaded guilty, the facts were not fully developed at trial. However, in the bill of information, the State alleged that on or about April 9, 2016, defendant committed aggravated flight from an officer by the intentional refusal to bring a vehicle to a stop under circumstances wherein human life was endangered. The record further indicates that during his flight from the officer, defendant hit another vehicle head on causing serious bodily injuries to the occupant of the other vehicle.
In accordance with the plea agreement, the trial court sentenced defendant to six years-.imprisonment with the Department of Corrections.[1] On November 28, 2016, defendant filed a motion for reconsideration of sentence, which was denied by the trial court on January 10, 2017. On January 18, 2017, defendant filed a motion for appeal, which was granted by the trial court on January 23, 2017. The instant appeal now follows.
DISCUSSION
In his first assignment of error, defendant 'first argues his sentence is constitutionally excessive. He argues his rudimentary understanding of the English ^language and laws and customs of this country impacted his behavior and the sentence imposéd is one demonstrably disproportionate to his actions, rendering his sentence cruel and unusual. He further argues the sentence imposed places an undue burden on the taxpáyers of 'Louisiana,' who must feed, house, and clothe defendant for the duration of his sentence. Also, he claims the trial court failed to consider his potential rehabilitation .with .the intention of making him a productive member of society.
In his second assignment of error, defendant contends the trial court erred in denying his motion for reconsideration of sentence. On appeal, as he did in his motion for reconsideration, he avers that as a Honduran National, he' should have been advised that under Article 36 of the Vienna Convention on Consular Relations, he had a right to contact his local Honduran Consulate. He' claims that because the police failed to inform him of his right to contact the consulate, his rights under Article 36 were violated. Specifically, he contends that by not advising him of his Article 36 rights, the police gave him a misleadingly *867 incomplete picture of his legal options and that he had no. context to understand his Miranda[2] rights. He claims that without the benefits that flowed from Article 36, he was subjected to inherently flawed and unfair proceedings. He argues the granting of his motion for reconsideration of sentence would have rendered his Article 36 rights effective.[3]
The State responds that defendant's argument that his six-year sentence constitutes cruel and unusual punishment is without merit. The State cites La. C.Cr.P. art. 881.2, averring that defendant cannot appeal a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of lathe plea. The State maintains that defendant’s sentence is well within the ten-year maximum[4] and that defendant fails to offer any support for his claims that his sentence constitutes cruel and unusual punishment and is excessive.
The State further responds that defendant’s argument regarding the violation of his Article 36 rights is without merit. The State argues defendant failed to how any assistance from the consulate would have provided him with greater representation than he received from his court-appointed attorney and translator.
The record reflects that before the trial court engaged in the guilty plea colloquy with defendant, an interpreter was sworn in and utilized throughout the proceedings. During the colloquy and on the waiver of rights form, the trial court informed defendant of the maximum sentence, ten years and a two thousand dollar fine, that could be imposed. The trial court also informed defendant of the - six-year sentence she would impose if she accepted his guilty plea. The trial court also properly advised defendant of his rights under Boykin.[5] After receiving an explanation of his legal rights, as well as the sentence the trial court would impose, defendant chose .to plead guilty.
La. C.Cr.P. art. 881.2(A)(2) provides “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court consistently recognizes that Article 881.2(A)(2) precludes a defendant from seeking review of a sentence agreed upon at the time of the guilty plea. State v. Hayes, 15-771 (La. App. 5 Cir. 4/13/16), 190 So.3d 482; State v. Lindsay, 09-397 (La. App. 5 Cir. 12/8/09), 30 So.3d 7, 9-11, writ denied, 10-32 (La. 6/25/10), 38 So.3d 335.
 LBased on the foregoing, we find defendant is not entitled to appellate review of his sentence. We further find the trial court did not err in denying defendant’s motion to reconsider sentence. See State v. Lee, 02-529 (La. App. 5 Cir. 10/29/02), 831 So.2d 395, 397 (wherein a defendant’s sentence was imposed in conformity with a plea agreement, and this Court precluded the defendant from raising a claim of excessiveness of sentence on appeal and further found the trial court correctly denied the defendant’s motion to *868 reconsider sentence). Furthermore, an unqualified guilty plea generally waives all non-jurisdictional defects in the proceedings prior to entry of the guilty plea and precludes review of such alleged defects on appeal. State v. Cox, 02-333 (La. App. 5 Cir. 9/30/02), 829 So.2d 521, 523.
In his third assignment of error, defendant argues his trial counsel was ineffective based on his failure to object to his sentence because the sentence was demonstrably disproportionate to the actions of defendant. In his fourth assignment of error, defendant argues his trial counsel was ineffective because he failed to inform defendant of his rights under Article 36 of the Vienna Convention on Consular Relations and failed to take action to protect these rights.[6] As a result of these alleged failures, defendant claims he was denied his Sixth Amendment right to effective assistance of counsel.
The State responds that defendant’s arguments to support these assignments of error for ineffective assistance of counsel have no merit because defendant’s trial counsel provided him with the level of criminal representation afforded to every criminal defendant under state and federal law, trial counsel’s performance did not fall below the minimum standards, and defendant failed to prove that but for the alleged errors, the outcome of his case would have been any different.
 | ¡¡The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant’s right to effective assistance of trial counsel. State v. Thomas, 12-1410 (La. 9/4/13), 124 So.3d 1049, 1053. According to the United States Supreme Court’s opinion in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffective assistance claim must show: 1) that defense counsel’s performance was deficient and 2) that the deficiency prejudiced the defendant. The defendant has the burden of showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. State v. Jones, 13-99 (La. App. 5 Cir. 8/27/13), 123 So.3d 758, 765. However, when the record is sufficient to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id.
With respect to defendant’s claim that his counsel failed to object to his sentence, as previously discussed, defendant was barred from seeking review of his sentence because it was imposed as part of the plea agreement. As such, we find defendant’s counsel was not ineffective by failing to object to the agreed-upon sentence. See Hayes, 190 So.3d at 485 (the defendant’s counsel was not ineffective for failing to file a motion to reconsider sentence or to object to the agreed upon sentences resulting from a plea agreement).
|fAs discussed above, defendant also claims ineffective assistance of counsel be *869 cause his counsel should have informed defendant of his right to consular assistance and acted to protect that right. He contends this failure precluded him from exercising his right to consular assistance and prejudiced him in determining whether to plead guilty.
The Vienna Convention on Consular Relations (Convention), Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, is a treaty governing the consular relations between its member nations; the United States has been a member since 1969. Article 36 of the Convention is the portion which pertains to the instant case and concerns consular officers’ access to their nationals detained by authorities in a foreign country. The article provides that:
“if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner.”
Art. 36(l)(b), id:, 21 U.S.T. at 101.
The United States Supreme Court in Sanchez-Llamas v. Oregon, 548 U.S. 331, 338-39, 126 S.Ct. 2669, 2675, 165 L.Ed.2d 557 (2006), explained in other words “when a national of one country is detained by authorities in another, the authorities must notify the consular officers of the detainee’s home country if the detainee so requests.” Article 36(l)(b) further states that “[t]he said authorities shall inform the person concerned [i.e., the detainee] without delay of his rights under this sub-paragraph.” Id.
In State v. Garcia, 44,562 (La. App. 2 Cir. 10/28/09), 26 So.3d 159, writ denied, 09-2583 (La. 2/11/11), 56 So.3d 992, the Second Circuit addressed a similar issue. In that case, the defendant argued his counsel was ineffective because he did not challenge the failure to inform the defendant of his rights to consular notification before trial to allow defendant to secure assistance from the |7Mexican Consulate. The appellate court found this claim was without merit. The Garcia court found this claim to be without merit and cited to Sanchez-Llamas v. Oregon, 548 U.S. at 349, 126 S.Ct. at 2681, which held that a defendant only has a right to have his consulate informed of his arrest, not to have the consulate intervene or to have proceedings halted until the consulate can provide assistance. Id. at 168. Furthermore, the appellate court found the defendant had not shown how he was prejudiced under Strickland, supra, as the record showed the defendant received adequate due process in the matter:
Furthermore, defendant has not shown how he was prejudiced by this as the record shows that he was provided adequate due process in this matter. Strickland puts the burden on a. defendant to show prejudice and defendant has failed to carry this burden. Defendant was interviewed by a police officer fluent in Spanish, he signed a form advising him of his rights in Spanish, his interview was videotaped, and he was appointed counsel to represent him. Defendant’s own attorney was likely far better to explain the United States legal -system to him than any consular official would have been. Breard v. Greene, 523 U.S. 371, 377, 118 S.Ct. 1352, 1355, 140 L.Ed.2d 529 (1993). Defendant has offered no evidence whatsoever that the Mexican consulate could (or would) have offered any assistance that his attorney did not. See, Murgas v. United States, Not Reported in F.Supp.2d, 2002 U.S. Dist. LEXIS 6277, 2002 WL 553462 (N.D.N.Y. 2002); Polanco v. United States, Not Reported in F.Supp.2d, 2000 *870 U.S. Dist. LEXIS 10788, 2000 WL 1072303 (S.D.N.Y. 2000).

Id.

In the instant matter, we first find the record contains sufficient evidence to rule on the merits of this claim. We further find defendant’s ineffective assistance of counsel .claim fails because defendant has not demonstrated prejudice. Assuming, ar-guendo, that trial counsel failed to protect defendant’s rights under the treaty, defendant failed to demonstrate that, but for trial counsel’s errors, be would' not have pleaded guilty. His allegations áre conclu-sory and lack specificity. He does not establish what a consular officer would have done in his particular case, and defendant submitted no evidence to establish a consular officer would have obtained a different result. He does not allege any specific advice the | ¡^consular officer would have given which would have had some impact on specific aspects of his case.
The record shows defendant was represented by counsel at every critical stage of his criminal proceedings, including his guilty plea and sentencing, and that an interpreter was also utilized during these proceedings. The guilty plea transcript reflects defendant’s answers were responsive to the questions posed and he never indicated he did not understand the proceedings. The record reflects defendant received adequate due process in the matter. Accordingly, defendant has not demonstrated that, but for counsel’s alleged unprofessional conduct, the outcome would have been different. See State v. Seals, 09-1089 (La. App. 5 Cir. 12/29/11), 83 So.3d 285, 328-29, writ denied, 12-293 (La. 10/26/12), 99 So.3d 53, cert. denied, 569 U.S. 1031, 133 S.Ct. 2796, 186 L.Ed.2d 863 (2013). Therefore, we find defendant’s ineffective assistance of counsel claim is without merit.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). We discovered one error patent requiring corrective action.
Neither the sentencing transcript, the minute entry, nor the guilty plea form reflect that defendant was given a proper advisal of the time period for' seeking post-conviction relief as required by La. C.Cr.P. art, 930.8. If a trial court fails to advise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. See State v. Brooks, 12-226 (La. App. 5 Cir. 10/30/12), 103 So.3d 608, writ denied, 12-2478 (La. 4/19/13), 111 So.3d 1030.
| flAccordingly, by way of this- opinion, we advise defendant that no application for post-conviction relief, including applications that seek an out-of-time appeal,, shall be considered if it is filed.more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.
DECREE
For the foregoing reasons, we affirm defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED

. Though the trial judge sentenced defendant to imprisonment in the Department of Corrections, rather than to imprisonment at hard labor as required by the pertinent penalty statute, this Court deems such a sentence necessarily at hard labor. See State v. Baptiste, 16-316 (La. App. 5 Cir. 12/14/16), 209 So.3d 321, 324, fn. 2.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Defendant's first and second assignments of error are addressed together because they are related.

. La. 14:108.1(E)(2)(a) provides that "[w]ho-ever commits the crime of aggravated flight from an officer that results in ‘serious bodily injury shall be imprisoned at hard labor for not more than ten years and may be fined not more than two thousand dollars.”

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. We also address the third and fourth assignments of error together because they are related.