STATE OF LOUISIANA

VERSUS

CHAD MCAVOY

NO. 21-KA-529

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-3634, DIVISION "B"
HONORABLE CORNELIUS E. REGAN, JUDGE PRESIDING


November 24, 2021


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Hans J. Liljeberg


**CONVICTION AND SENTENCE AFFIRMED;**
**MOTION TO WITHDRAW GRANTED**
> **JGG**
> **MEJ**
> **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Kellie M. Rish

COUNSEL FOR DEFENDANT/APPELLANT,
CHAD MCAVOY
     Bertha M. Hillman

DEFENDANT/APPELLANT,
CHAD MCAVOY
     In Proper Person

**GRAVOIS, J.**

Defendant, Chad McAvoy, appeals his conviction that resulted from a negotiated guilty plea to manslaughter, a violation of La. R.S. 14:31. On appeal, under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed appellate counsel requests permission to withdraw as counsel of record for defendant.

Defendant filed a *pro se* supplemental brief in which he argued two assignments of error: first, that his counsel rendered ineffective assistance at sentencing "by not challenging or objecting to Petitioner's sentence as constitutionally excessive, while his sentence resulted from a breakdown in the adversary process that renders the result unbelievable;" and second, that he should be afforded an errors patent review on appeal.

For the following reasons, we find no merit to defendant's *pro* se assignments of error. We accordingly affirm defendant's conviction and sentence and grant appellate counsel's motion to withdraw as counsel of record for defendant.

## PROCEDURAL HISTORY

On June 14, 2018, a Jefferson Parish Grand Jury indicted defendant, Chad McAvoy,[1] with the second degree murder of his mother, Connie McAvoy, in violation of La. R.S. 14:30.1. Defendant pled not guilty at his arraignment on the

---

[1] It is noted that defendant's last name is sometimes referred to as "Mcavoy" in the record on appeal.

following day.  On January 23, 2019, defendant was found competent to proceed to trial.  Defendant filed several pre-trial motions that were never ruled upon.[2]

On May 6, 2019, based on a negotiated plea, the indictment was amended to charge defendant with manslaughter in violation of La. R.S. 14:31.  Defendant thereupon pled guilty to the amended charge and was sentenced to forty years' imprisonment at hard labor.  Defendant's appointed trial counsel was allowed to withdraw and no appeal was filed.

Defendant filed a *pro se* Motion for Production of *Boykin* Transcript and Sentencing Hearing Transcript on March 16, 2021.  On March 23, 2021, the trial court ordered that defendant be provided a transcription of his guilty plea colloquy and sentencing.  On June 10, 2021, defendant filed a request for an out-of-time appeal, asking that the court reinstate his constitutional right to an appeal after his trial counsel failed to file a motion for an appeal on his behalf.  Defendant asserted that he prepared the request on June 2, 2021 and placed it in the prison mailing system that same day.  The trial court granted defendant an out-of-time appeal on June 16, 2021.[3]

Because defendant's conviction resulted from a guilty plea, the facts underlying the crime of conviction are not fully developed in the record.  However, the State provided a factual basis during the guilty plea colloquy.  The State provided that had it proceeded to trial, it would have proven beyond a reasonable doubt that on "March 1, 2019,"[4] the defendant violated La. R.S. 14:31 in that he committed the murder of his mother, Connie McAvoy, in Jefferson Parish.

---

[2] A suppression hearing commenced on April 8, 2019, but was continued without completion.

[3] In doing so, the court determined that defendant was within the time limit for seeking an out-of-time appeal.  It is also noted that the State did not oppose defendant's motion for an out-of-time appeal.

[4] It is noted that the date of the offense as reflected in the indictment and the waiver of rights form is March 1, 2018.

Additionally, the State explained that the victim came home and had verbal disagreements with her husband, Stephen McAvoy, and then her son, Chad McAvoy. Chad pulled out a weapon, and as his mother left his room, he fired a single bullet into her back causing her death. The police were called and it was suggested to them that it was a suicide. Based on the physical evidence, however, the police determined that it was not a suicide and brought Stephen and Chad to the police station, where Stephen said the victim's death was caused by Chad. Chad ultimately admitted that he committed the crime as a result of continued verbal abuse by his mother and that he was responsible for her death.

## ANALYSIS

### *Anders Brief*

Under the procedure adopted by this Court in *State v. Bradford*, 676 So.2d at 1110-11,[5] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, *supra*, and *State v. Jyles*, *supra*, appointed counsel requests permission to withdraw as counsel of record for defendant.

In *Anders*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds the case to be wholly frivolous after a conscientious examination of it.[6] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support

---

[5] In *Bradford*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

[6] The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines that there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports the appeal. She acknowledges that there is no constitutional infirmity or any irregularity in the guilty plea that would render it invalid, noting that the court explained each of the rights necessary to ensure a

knowing and intelligent waiver of rights. She contends that the sentence imposed was in conformity with the plea agreement. She states that defendant was properly charged and his presence does not present issues for appeal. She further explains that there are no rulings on pre-trial motions, and accordingly, no rulings have been preserved for appeal under *State v. Crosby*, 338 So.2d 584 (La. 1976). The State agrees that the case presents no non-frivolous issues for appellate review.

Appellate counsel has filed a motion to withdraw as counsel of record for defendant in which she states that she has done a conscientious and thorough review of the record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which would arguably support the appeal. She contends that she notified defendant of the filing and advised him of his right to file a *pro se* brief in this matter. Additionally, this Court sent defendant a letter by certified mail informing him that an *Anders* brief had been filed on his behalf and that he had until October 22, 2021 to file a *pro se* supplemental brief. Defendant filed a *pro se* brief on October 18, 2021 which raised assignments of error which are discussed below.

An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The indictment properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified defendant and the crime charged. *See generally* La. C.Cr.P. arts. 464 and 466.

The record reflects that defendant appeared at each stage of the proceedings against him, including his guilty plea proceeding and his sentencing. As such, defendant's presence does not present any issues that would support an appeal.

Defendant filed pre-trial motions that were not ruled upon by the trial court. Nonetheless, motions are considered waived when a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty.

*State v. Ledet*, 20-258 (La. App. 5 Cir. 1/27/21), 310 So.3d 810, 818. No rulings were preserved for appeal under the holding in *State v. Crosby*, *supra*. Further, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and such waiver precludes review of any such defects either by appeal or post-conviction relief. *State v. Wingerter*, 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664.

Upon review, we find that the record indicates that defendant was aware he was pleading guilty to manslaughter. The record reveals no irregularities in defendant's guilty plea that would render it invalid. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin*[7] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

In the instant matter, defendant executed a waiver of rights form that was presented to the trial judge at the start of the colloquy. The form reflects that the plea was for manslaughter, which occurred on March 1, 2018. It reflects that the maximum sentence that could be imposed was forty years' imprisonment, with no minimum. The form reflects the sentence to be imposed was forty years at hard labor. Defendant initialed the form next to the rights he was waiving, including the right to trial by jury (or by the court alone), the presumption of innocence, the right to question witnesses called by the district attorney, the right to testify himself or choose to remain silent, the right to present witnesses, and the right to appeal any guilty verdict that may be returned. Defendant indicated that he was satisfied with

---

[7] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

how his attorney and the court handled his case and that he was not forced, coerced, or threatened to plead guilty. He acknowledged that he understood all possible legal consequences of pleading guilty and wished to plead guilty at that time. The form includes signatures by defendant and his counsel, as well as the trial judge, who accepted his guilty plea as knowingly, intelligently, freely, and voluntarily made.

During the start of the colloquy, the State expressed that it had accepted defendant's plea offer. Defense counsel declared that pursuant to a negotiated plea with the State, defendant was going to enter a plea as charged to manslaughter, and counsel mentioned the waiver of rights form. Defendant stated that he could read and write in English, was twenty-two years old, and had completed the twelfth grade. Defendant was told the maximum sentence that could be imposed was forty years' imprisonment at hard labor and that the sentence he would receive would be forty years' imprisonment at hard labor. Defendant was advised that by pleading guilty, he was giving up his rights and was explained his rights. Defendant indicated that he understood. Defendant was properly advised of his *Boykin* rights. Defendant and his counsel agreed that their signatures were placed on the waiver of rights form. The court accepted the plea as knowingly, intelligently, freely, and voluntarily made.

By means of the waiver of rights form in the instant case, defendant acknowledged that he understood all possible legal consequences of pleading guilty and wished to plead guilty at that time. During the colloquy in this case, the trial court asked defendant if he was pleading guilty that day to manslaughter which occurred on March 1, 2018. Defendant indicated that was correct. Upon review, we find that there are no issues surrounding defendant's guilty plea to establish a basis for an appeal in this matter.

Defendant's sentence was imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Eiermann*, 17-44 (La. App. 5 Cir. 6/29/17), 224 So.3d 1220, 1225, *writ denied*, 17-1398 (La. 5/18/18), 242 So.3d 570. Defendant's sentence falls within the sentencing range prescribed by the statute. *See* La. R.S. 14:31(B), which provides that whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. As such, defendant's sentence does not provide a basis for an appeal in this matter.

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as counsel of record for defendant is hereby granted.

## FIRST *PRO SE* ASSIGNMENT OF ERROR

### *Ineffective Assistance of Counsel Claim*

Defendant argues in his *pro se* supplemental brief that a claim of ineffective assistance of counsel at sentencing is now cognizable on collateral review, citing *State v. Harris*, 18-1012 (La. 7/9/20), 2020 WL 3867207. He further contends that the record is sufficient to decide this matter on appeal. Specifically, he argues that he is not the worst type of offender and had trial counsel properly investigated the case, all mitigating factors would have been made a part of the record. In his argument of ineffective assistance of counsel, defendant claims that it was his counsel's responsibility to present mitigating evidence that would have led to a different result in the "sentencing phase." He explains that a heated argument occurred before the alleged incident, and the record contains evidence of physical, mental, and verbal abuse.

21-KA-529          8

Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.*

Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *State v. Casimer*, 113 So.3d at 1141. An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." *Id.* To prove prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. *Id.* (citing *Strickland v. Washington*, *supra*).

Generally, a claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, rather than on direct appeal, so as to afford the parties an adequate record for review. *State v. Casimer*, 113 So.3d at 1141. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error on appeal, it may be addressed in the interest of judicial economy. *Id.* Given the nature of this particular claim, we find that the appellate record is sufficient for this Court to address the merits of the ineffective assistance of counsel claim made by defendant in his *pro se* supplemental brief.

In this case, defendant's agreed-upon sentence was imposed pursuant to a plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was

set forth in the record at the time of the plea. Under the circumstances of this case, counsel was not expected to present mitigating evidence to persuade the judge to consider a lower sentence or object to the sentence as excessive when the sentence was agreed upon. *See State v. Smith*, 17-553 (La. App. 4 Cir. 12/13/17), 316 So.3d 1011, 1020, *writ denied*, 18-115 (La. 10/29/18), 254 So.3d 701, where the defendant claimed that his attorney was ineffective for failing to place his poor health before the court as a mitigating factor which he argued resulted in an excessive sentence. In that case, the Fourth Circuit noted that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea and found that the defendant acknowledged in the waiver of rights form that it was an agreed-upon sentence, waiving his right to appeal the term of the sentence. *See also State v. Perez*, 17-119 (La. App. 5 Cir. 8/30/17), 227 So.3d 864, 868 (the defendant was barred from seeking review of his sentence because it was imposed as part of the plea agreement and as such "defendant's counsel was not ineffective by failing to object to the agreed-upon sentence.").

Accordingly, this *pro se* assignment of error is without merit.

## SECOND *PRO SE* ASSIGNMENT OF ERROR

### *Request for Errors Patent Review*

As requested by defendant, the record was reviewed for errors patent, according to La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).[8] A review of the appellate record reveals no errors patent that require corrective action.

---

[8] Appellate records are routinely reviewed for errors patent, whether or not requested by counsel or the defendant.

## DECREE

For the foregoing reasons, we agree with appointed appellate counsel's assertion that the record contains no non-frivolous issues that would support an appeal. Further, defendant's *pro se* assignments of error are without merit. Thus, we affirm defendant's conviction and sentence. We also grant appointed appellate counsel's motion to withdraw as counsel of record for defendant.

**CONVICTION AND SENTENCE AFFIRMED;
MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 24, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-KA-529

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CORNELIUS E. REGAN (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          BERTHA M. HILLMAN (APPELLANT)

**MAILED**
CHAD MCAVOY #743949 (APPELLANT)          HONORABLE PAUL D. CONNICK, JR.
RAYBURN CORRECTIONAL CENTER          (APPELLEE)
27268 HIGHWAY 21          DISTRICT ATTORNEY
ANGIE, LA 70426          KELLIE M. RISH (APPELLEE)
          ASSISTANT DISTRICT ATTORNEY
          TWENTY-FOURTH JUDICIAL DISTRICT
          200 DERBIGNY STREET
          GRETNA, LA 70053